FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

| | |
|---|---|
| DAVID ALBERT BRUNYER, | **ORDER TO AMEND DEFICIENT AMENDED COMPLAINT, & MEMORANDUM DECISION** |
| Plaintiff, | |
| v. | Case No. 2:12-CV-503 DS |
| DR. LOGAN CLARK et al., | District Judge David Sam |
| Defendants. | |

Plaintiff, David Albert Brunyer, a former prisoner at Utah State Prison, filed this *pro se* civil rights suit.[1] Reviewing the Complaint under § 1915A, the Court has determined that Plaintiff's Complaint is deficient as described below.

### Deficiency in Complaint

Complaint is not printed on a proper court-approved form complaint.

### Instructions to Plaintiff

Under Rule 8 of the Federal Rules of Civil Procedure a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the

---

[1] *See* 42 U.S.C.S. § 1983 (2012).

relief the pleader seeks."[2] Rule 8(a)'s requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[3]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[4] Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant."[5] Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[6]

Plaintiff should consider these points when refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any

---

[2] Fed. R. Civ. P. 8(a).

[3] *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

[5] *Id.* at 1110.

[6] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

portion of the original complaint or supplement.[7]  Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[8]  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[9]  Third, Plaintiff cannot name someone as a defendant based solely on his or her supervisory position.[10]

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have thirty days from the date of this order to cure the deficiency noted above.

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

---

[7] *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

[8] *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).

[9] *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[10] *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

DATED this _18th_ day of July, 2012.

BY THE COURT:

_/s/ David Sam_
JUDGE DAVID SAM
United States District Court